UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

DAVID R. HALL,
   Plaintiff,

Vs.

DEBBIE MEIER, ASHLEY TINKLE,
KATHY HUFF, and QUALITY CORRECTIONAL CARE LLC.

CIVIL ACTION NO.   1:24CV030

COMPLAINT

-FILED-
JAN 26 2024
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# 1. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The [UNITED STATES DISTRICT COURT: NORTHERN DISTRICT OF INDIANA, FORT WAYNE DIVISION] is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, David R. Hall, is and was at all times mentioned herein, an inmate at the Huntington County Jail and under direct authority and control of the Jail Commander.

## III. DEFENDANTS

4. Defendant, Debbie Meier, is the Jail Commander of the Huntington County Jail, and is legally responsible for the overall operation of the jail, including the safety, health, and security of the inmates within.

5. Defendant, Ashley Tinkle, is the Nurse of the Huntington County Jail, and is legally responsible for the medical needs and attention, of all inmates within the jail.

6. Defendant, Kathy Huff, was the Nurse of the the Huntington County Jail, upon plaintiffs first 5-7 months of incarrceration, and at that time Kathy was legally responsible for the medical needs and attention, of all inmates within the jail.

7. Defendant, Quality Correctional Care, LLC., is the medical provider for the Huntington County Jail, who's policy restrains the plaintiff from treatment of his serious medical condition. Furthermore, is responsible for deploying adequate medical staff, to the jail.

## IV. FACTS

8. Plaintiff was taken into custody by the jail on 12/19/2023, to where he currently remains.

9. Plaintiff is a pre trial detainee, awaiting trial on cause number: 35D01-2307-F6-000196.

10. During the initial intake procedure at the jail, Hall told Nurse Kathy Huff, that he has Hepatitus-C, and requires the anti-virals. Nurse Huff told Hall he would not receive any medications for his ailment.

11. Hall later told Commander Meier he needed to take medication for "Hep-C", Meier declined.

12. After Huff's departure from the jail, Hall contacted Nurse Tinkle who told Hall she would not allow the treatment, and furthered by stating it is against "Q.C.C." (Quality Correctional Care) policy to allow any inmates treatment for Hep-C.

13. Hall has stressed his concers to Tinkle, Meier, and Huff on multiple occassions in person, as well as via the Kiosk request system. Each defendant has denied treatment and even denied him the necessary blood work to monitor the liver enzymes.

14. Q.C.C.'s policy violates Hall's right to adequate medical care.

15. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## V. LEGAL MEMORANDUM

16. Mr. Hall was diagnosed with Hepatitus-C at birth and requires treatment and blood work to monitor, maintain, and hopefully eraticate the virus.

17. There shall be no dispute that Hepatitis-C is a serious medical condition. "A medical condition is serious if it has been diagnosed by a physician as mandating treatment' or' is so obvious that even a lay person would perceive the need for a doctors attention." Farmer V. Brennan, 511 U.S. 825, 837 (1994).

18. Hepatitis-C is a virus that primarily affects the liver. For some people, the virus goes away on its own soon after infection. Others develop chronic Hepatitis-C, which over time can damage the liver. Up to 30 percent of those cases develop severe and permanent scarring of the liver (called Cirrhosis) over a 20-to 30-year period. Other types of liver scarring (fibrosis), can be roughly gauged by watching for elevated liver enzymes through blood tests.

19. The defendants have put Hall at a greater risk of liver deterioration or scarring, by denying his much needed treatment in not monitoring

Hall's blood levels by conducting comprehensive metabolic panels ("CMPs") and further by not ordering a Hepatitis-C virus RNA assay to determine whether or not the "viral load" would indicate if the Hepatitis-C is active, or in remission.

20. A "viral load" is the number of viral particles contained in the blood, which are copies of the genetic material of the virus circulating through the body.

21. Of particular value is a person's AST-to-platelet ratio index (APRI) score, which uses the liver enzyme, AST, value and platelet count from blood drawn in a formula that produces a number medical personnel use to estimate the degree of fibrosis in the liver.

22. An APRI score greater than 2.0 strongly suggests cirrhosis is present. Until recently (past 5-10 years), there was no effective treatment for Hepatitis-C, until direct-acting antivirals (DAAs) were approved for treatment of patients with Hepatitis-C. See, Hepatitis C Treatments, WebMD, https://www.webmd.com/hepatitis/understanding-hepatis-c-treatment.

23. In this instance, by continually denying Hall treatment by medication, or even the required blood work, "the medical defendants acted purposefully, knowingly,

, or perhaps even recklessly" McCann v. Ogle County, 909 F.3d 881, 886 (7th Cir. 2018). Deliberate indifference exists when an official "knows of and disregards an excessive risk to an inmates health." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

24. The pertinent Constitutional claim in this case is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment, and is furthered by the Fourteenth Amendment where Hall is awaiting in Huntington County Jail, whereby classifying Hall as a pretrial detainee.

25. A pretrial detainee cannot be punished without due process of law. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "In the absence of of an expressed intent to punish, a pretrial detainee can nevertheless prevail by the showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015). What would be the purpose the government officials actions could be deemed just, in this instance?

26. To first assert a claim against Q.C.C. LLC, Under § 1983, liability for corporate entities exists only when the execution of a policy or custom

inflicts the injury. Thus, these defendants may be held liable for "an express policy that, when enforced, causes a constitutional deprivation." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005).

27. While Q.C.C. LLC., can be held liable for the policy, Huff, Tinkle, and Meier enforced it, whereby furthering the deprivation of constitutional law, and most importantly, contributing to the decline of Mr. Hall's medical diagnosis.

# VI. PRAYER FOR RELIEF

Wherefore, plaintiff respectfully requests that this court enter judgment granting plaintiff:

28. A declaration that the acts and omissions described herein violated the plaintiff's rights under the Constitution and laws of the United States.

29. A preliminary and permanent injunction ordering all defendants to begin the proper medical treatment required for Hepatitis-C, including all necessary blood work to monitor the liver enzymes.

30. Compensatory damages in the amount of $500,000.00 against each defendant, jointly and severally.

31. Punitive damages in the amount of $1,000,000.00 against each defendant in their personal and official capacity.

32. A jury trial on all issues triable by jury.

33. Any other relief the Court deems just, proper, and equitable.

## VERIFICATION

I have read the foregoing complaint and hereby certify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed this 23 day of January, 2024, at the Huntington County Jail.

*[signature]*

DAVID R. HALL
Inmate #
332 E. STATE ST.
HUNTINGTON, IN 46750

# CERTIFICATE OF SERVICE

I, David R. Hall, petitioner, hereby certify that on 01/23/2024, I filed the foregoing complaint with the Clerk of the United States District Court, Northern District of Indiana, Fort Wayne Division, by depositing the same in the U.S. Mail, postage paid, and utilizing the inmate "mailbox rule."

*David R. Hall* (signature)

DAVID R. HALL
332 E. STATE ST.
HUNTINGTON, IN 46750